STATE of Wisconsin, Plaintiff-Respondent,

v.

Edward Leon JACKSON, Defendant-Appellant.†

Court of Appeals

*No. 03–2066. Submitted on briefs March 18, 2004.—Decided September 16, 2004.*

## 2004 WI App 190

(Also reported in 688 N.W.2d 688.)

† Petition to review denied 11-18-2004.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Meredith J. Ross* and *Joshua B. Orenstein* of the *Frank J. Remington Center, University of Wisconsin Law School*, Madison.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Daniel J. O'Brien*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Dykman, Lundsten and Higginbotham, JJ.

¶ 1. DYKMAN, J.   Edward Jackson appeals from an order denying his collateral challenge under Wis. Stat. § 974.06 (2001–2002)[1] for postconviction relief. Jackson was convicted of two counts of conspiracy (conspiracy to commit arson and conspiracy to commit intentional homicide) under Wis. Stat. § 939.31 and one count of possession of a fire bomb. Jackson contends

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

that it is multiplicitous to charge him with two counts of conspiracy under the same statute. Because Jackson did not bring this challenge in the trial court, he has waived it. However, we exercise our discretion to address the merits of the challenge. Because § 939.31 requires separate counts for different acts of conspiracy, we affirm Jackson's convictions.

## *Background*

¶ 2. In 1996, Jackson admitted to his role in a plan to fire bomb a Milwaukee police officer's home.[2] Jackson and two other men conspired to fire bomb the house, enabling two others to shoot people fleeing from the building. A jury found Jackson guilty, in 1997, of two counts of conspiracy and one count of possession of a firebomb. Though Jackson was part of one conspiracy, he conspired to participate in two acts, arson and intentional homicide, and was charged with two counts of conspiracy under WIS. STAT. § 939.31.

¶ 3. In 2003, the circuit court denied Jackson's WIS. STAT. § 974.06 motion for postconviction relief, which alleged that his convictions and sentences on two counts of conspiracy violated the double jeopardy clause of the Fifth Amendment to the United States Constitution. The circuit court denied the motion, concluding, "[t]here is nothing multiplicitous about charging separate conspiracies to commit separate offenses which would have been charged as separate crimes had they been completed." Jackson asks us to reverse the deci-

---

[2] Jackson avers that during his trial a Milwaukee police detective testified that Jackson signed a statement saying that Jackson was not aware that the house targeted in the conspiracy belonged to a police officer until immediately prior to his arrest.

sion of the circuit court and to vacate his conviction for conspiracy to commit arson.

## *Discussion*

¶ 4.   The State, relying on *State v. Kohler*, 2001 WI App 253, 248 Wis. 2d 259, 635 N.W.2d 838, argues that because Jackson did not raise a multiplicity challenge at trial, he has waived it. We agree. However, waiver is a rule of judicial administration, and we have discretion to consider a waived issue. *See State v. Erickson*, 227 Wis. 2d 758, 766, 596 N.W.2d 749 (1999). Here, we exercise our discretion to address the substance of Jackson's multiplicity challenge because it raises an ongoing legal issue that merits our attention.

¶ 5.   Whether a criminal defendant has a double jeopardy claim is a question of law that we review de novo. *Kohler*, 248 Wis. 2d 259, ¶ 32. This case also requires us to interpret Wisconsin's criminal conspiracy statute, WIS. STAT. § 939.31. Statutory interpretation also presents a question of law. *Donaldson v. Bd. of Comm'rs of Rock-Koshkonong Lake Dist.*, 2004 WI 67, ¶ 19, 272 Wis. 2d 146, 680 N.W.2d 762.

¶ 6.   Jackson, citing *Braverman v. United States*, 317 U.S. 49, 63 S. Ct. 99 (1942), contends that a conspiracy statute punishes the criminal agreement or combination with another to commit a crime, not the criminal goals of the agreement. In *Braverman*, the Supreme Court ruled that the prosecution of a single agreement to commit multiple crimes as multiple, separate conspiracies violates a defendant's constitutional right to avoid double jeopardy. *Id.* at 55. Jackson asserts that here, as in *Braverman*, there was only one agreement. Since the only crime committed in this case was

701

the agreement itself, Jackson argues that under *Braverman*, he can be punished with only one conspiracy conviction. We disagree. *Braverman* is inapplicable here because the underlying conspiracy statute differs from the federal conspiracy statute. Unlike the federal conspiracy statute, WIS. STAT. § 939.31 permits the charging of multiple offenses.

¶ 7.   The double jeopardy clause of the state and federal constitutions prevents the sentencing court from imposing greater punishment than that intended by the legislature. *State v. Davison*, 2003 WI 89, ¶ 28, 263 Wis. 2d 145, 666 N.W.2d 1. When the legislature intends to allow cumulative punishments for the same offenses, there is no double jeopardy violation. *Id.* at ¶ 37. Multiplicity may be found only in "situations in which the legislature has not authorized multiple charges and cumulative punishments." *Id.* If the charged crimes are different in law or in fact, it is presumed that the legislature intended to permit multiple punishments. *Id.* at ¶¶ 43–44. This can only be rebutted by clear evidence to the contrary. *Id.*

¶ 8.   WISCONSIN STAT. § 939.31 provides, in pertinent part:

> [W]hoever, with intent that a crime be committed, agrees or combines with another for the purpose of committing that crime may, if one or more of the parties to the conspiracy does an act to effect its object, be fined or imprisoned or both not to exceed the maximum provided for the completed crime; except that for a conspiracy to commit a crime for which the penalty is life imprisonment, the actor is guilty of a Class B felony.

There are three elements to § 939.31, as set forth in WIS JI—CRIMINAL 570 (2001):

(1) The defendant intended that the crime of (name of felony) be committed;

. . . .

(2) the defendant was a member of a conspiracy to commit the crime of (name of felony);

. . . .

(3) one or more of the conspirators performed an act toward the commission of an intended crime that went beyond mere planning and agreement.

These elements incorporate each criminal offense that is the criminal object of the conspiracy. This means that when a conspiracy has as its object the commission of multiple crimes, separate charges and convictions for each intended crime are permissible. Thus, § 939.31 expresses the Wisconsin Legislature's intent to permit multiple punishments.

¶ 9. Jackson conspired to commit two crimes, arson and murder. Accordingly, under WIS. STAT. § 939.31, he may be charged with two counts of conspiracy, one incorporating the crime of arson, another incorporating murder. Each charge requires proof of facts that the other does not; they are different in fact and in law. *See Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180 (1932). Even though both offenses may have arisen from the same agreement, "[i]t is well settled that a single transaction can give rise to distinct offenses under separate statutes without violating the Double Jeopardy Clause." *Albernaz v. United States*, 450 U.S. 333, 344 n.3, 101 S. Ct. 1137 (1981).

¶ 10. *Braverman* does not help Jackson. In *Braverman,* the court interpreted 18 U.S.C. § 371,[3] a

---

[3] 18 U.S.C. § 371 (2002) reads:

federal conspiracy statute that, unlike WIS. STAT. § 939.31, does not incorporate the crime or crimes that are the object of the conspiracy. Instead, the federal statute prohibits a conspiracy to commit "any offense." The federal statute also provides a set penalty of "no more than five years," regardless of the intended crime or crimes. By contrast, the penalty for conspiracy under § 939.31 is tied to the underlying crime (except when the penalty is life imprisonment). WIS. STAT. § 939.31. *Missouri v. Hunter*, 459 U.S. 359, 103 S. Ct. 673 (1983), citing *Albernaz*, states the applicable rule in Jackson's case: "*Where* [the Legislature] *intended, as it did here, to impose multiple punishments, imposition of such sentences does not violate the Constitution.*" *Hunter*, 459 U.S. at 368 (quoting *Albernaz*, 450 U.S. at 344).

¶ 11. We conclude that the clear language of WIS. STAT. § 939.31 indicates legislative intent to permit multiple punishments when conspirators agree to commit multiple crimes. We agree with the trial court that the charges against Jackson were not multiplicitous. We therefore affirm.

*By the Court.*—Order affirmed.

___

If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

The pertinent language of § 371 has remained unchanged since the statute was interpreted in *Braverman v. United States*, 317 U.S. 49, 63 S. Ct. 99 (1942).