KLOPPENBURG, J.
*318 ¶1 Kelly Kloss appeals the circuit court's denial of his motion for postconviction relief from his convictions of solicitation of first-degree reckless injury and solicitation of first-degree recklessly endangering safety. He argues that: (1) solicitation of first-degree reckless injury does not exist as a crime under Wisconsin law; (2) the evidence presented at trial was insufficient to support either conviction; and (3) because solicitation of first-degree recklessly endangering safety is a lesser included offense of solicitation of first-degree reckless injury, his convictions of both of those crimes are multiplicitous and, therefore, his conviction of one of those counts should be reversed. We reject Kloss's first two arguments, but agree with his multiplicity *566 argument. Accordingly, we affirm in part, reverse in part, and remand with directions.
BACKGROUND
¶2 The following undisputed facts provide context for the discussion that follows. In October 2014, police officers arrested Kelly Kloss pursuant to two felony warrants after they found him hiding in a house he shared with his wife Cheryl. Kloss was subsequently incarcerated in the St. Croix County and Marathon County jails. In the twelve days following his arrest, Kloss made a series of over fifty telephone calls from jail to Cheryl, during which he made numerous derogatory and threatening remarks directed at Cheryl and directed at law enforcement.
¶3 Pertinent here, during several calls, Kloss told Cheryl to shoot a gun through the front door if any police officers returned to their house. Kloss's statements *319 to Cheryl included the following: "I want you to get your handgun out and your shotgun out and if a River Falls cop comes to your door again, you open fire," "let them have it," "blow them away," "shoot right through the door right into the cop," "wipe them out," and "[i]n case you run out of cartridges in one, you could just use the other one. I mean, I'm hoping you're going to get at least half a dozen of them if you're going to get one .... You see them run, when they run, run out the door after them .... Chase them down and get a couple more." Each call was recorded and reviewed by law enforcement.
¶4 Based on the calls Kloss made to Cheryl, the State charged Kloss with multiple counts of solicitation under WIS. STAT. § 939.30 (2017-18).[1] Relevant to this appeal, the State charged Kloss with one count of solicitation of first-degree reckless injury, WIS. STAT . § 940.23(1)(a), and one count of solicitation of first-degree recklessly endangering safety, WIS. STAT . § 941.30(1). Following a bench trial, the circuit court convicted Kloss of both counts. Kloss appeals.
DISCUSSION
¶5 For ease of discussion, we refer to solicitation of first-degree reckless injury as soliciting/reckless-injury and solicitation of first-degree recklessly endangering safety as soliciting/endangering-safety. As stated, Kloss makes three arguments on appeal. First, he argues that his soliciting/reckless-injury conviction must be reversed because the crime does not exist. Second, Kloss argues that his soliciting/reckless-injury conviction must be reversed *320 because of insufficient evidence.[2] Third, Kloss argues that soliciting/endangering-safety is a lesser included offense of soliciting/reckless-injury, and, therefore, his convictions of both crimes violate multiplicity principles. We address each topic in turn.
I. Whether Solicitation of First-Degree Reckless Injury Exists as a Crime Under Wisconsin Law
¶6 Kloss argues that soliciting/reckless-injury does not exist as a crime under Wisconsin law. This appears to present a question of first impression. Because its resolution requires us to interpret Wisconsin's solicitation and first-degree *567 reckless injury statutes, our review is de novo. See State v. Briggs , 218 Wis.2d 61, 65, 579 N.W.2d 783 (Ct. App. 1998) (matters of statutory interpretation are reviewed de novo).
¶7 The solicitation statute provides that "whoever, with intent that a felony be committed, advises another to commit that crime under circumstances that indicate unequivocally that he or she has the intent is guilty of a Class H felony." WIS. STAT. § 939.30(1). Thus, the pattern jury instruction lists two elements: (1) "[t]he defendant intended that [a particular felony] be committed;" and (2) "[t]he defendant advised another person, by the use of words or other expressions, to commit [that felony] and did so under *321 circumstances that indicate, unequivocally, that the defendant intended that [the felony] be committed." WIS JI- CRIMINAL 550.
¶8 The first-degree reckless injury statute provides that "[w]hoever recklessly causes great bodily harm to another human being under circumstances which show utter disregard for human life is guilty of a Class D felony." WIS. STAT . § 940.23(1)(a). Thus, the crime of first-degree reckless injury contains three elements: (1) the defendant must cause great bodily harm to another; (2) by conduct that created an unreasonable and substantial risk of death or great bodily harm of which the defendant was aware; and (3) under circumstances that show utter disregard for human life. WIS JI- CRIMINAL 1250.
¶9 Kloss's argument is directed solely at the interaction between the first element of solicitation (intent that a particular felony be committed) and the first element of reckless injury (causing great bodily harm). According to Kloss, it is not possible for a person to intend that another person succeed in causing great bodily harm by reckless conduct. Kloss reasons that this is not possible because whether harm will result from reckless conduct is "entirely unpredictable." The gist of Kloss's argument is that the resulting injury is unknowable at the time a solicitation occurs and, therefore, it is not possible to intend such injury. This argument is meritless.
¶10 We see no reason why a solicitor cannot intend, at the time he or she solicits reckless conduct from another, that great bodily harm result from the solicitee's reckless conduct. It may be true that a solicitor cannot know with certainty at the time of the solicitation whether an injury will in fact result from *322 the solicitee's conduct-such uncertainty is inescapable in an inchoate crime such as solicitation. But no level of certainty is required to form a purpose to cause a particular result-that is, an intent that a result take place. See WIS. STAT . § 939.23(4) (the phrase "with intent that" means that an actor "has a purpose to ... cause the result specified"). Indeed, the following example from LaFave's discussion of solicitation presupposes the type of intent that Kloss asserts is not possible:
[i]f B were to engage in criminally negligent conduct which caused the death of C , then B would be guilty of manslaughter; but it would not be a criminal solicitation to commit murder or manslaughter for A to request B to engage in such conduct unless A did so for the purpose of causing C 's death.
W. LaFave, Substantive Criminal Law § 11.1(c) (3d ed. 2017). Stated more clearly, LaFave says that A can be guilty of solicitation to commit murder or manslaughter if A solicits B to engage in criminally negligent conduct and does so for the purpose of causing C's death. This example assumes that it is possible to prove that A solicited B to engage in negligent conduct intending that B's negligent conduct cause C's death. Thus, it follows from *568 LaFave's example that soliciting/reckless-injury is a crime because it is likewise possible to prove that A solicited B to engage in reckless conduct intending that B's reckless conduct result in great bodily harm.[3] *323 ¶11 In sum, we reject Kloss's contention that the crime of soliciting/reckless-injury does not exist under Wisconsin law.
II. Whether Sufficient Evidence Supported the Conviction of Solicitation of First-Degree Reckless Injury
¶12 The sufficiency of the evidence test is well stated elsewhere. For our purposes, it is enough to say that courts may not reverse a conviction for lack of sufficient evidence "unless the evidence, viewed most favorably to the state and the conviction, is so insufficient in probative value and force that it can be said as a matter of law that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt." State v. Poellinger , 153 Wis.2d 493, 501, 451 N.W.2d 752 (1990).
¶13 Kloss argues that the evidence was insufficient to support a finding that he intended that Cheryl engage in reckless conduct with resulting injury. As we understand the argument, Kloss argues that no reasonable fact finder, looking at the circumstances, could find that Kloss was serious when he urged Cheryl to shoot any officers who approached their home because no reasonable person in Kloss's position would think *324 that the police would ever approach the Kloss home. Kloss points to evidence showing that he was aware that his calls to Cheryl were monitored and argues that it follows that he knew that it was highly improbable that police would come to his house. Consequently, so his argument goes, the absence of evidence that the police might actually approach the Kloss home means that Kloss's fact finder, here the circuit court, would have known that Kloss "knew there was no realistic chance" that Cheryl would ever be called upon to execute his instructions and, therefore, the evidence did not support the court's finding that Kloss intended that Cheryl engage in reckless conduct.
¶14 This argument fails because, at least generally speaking, the unlikelihood that the solicitee will have the opportunity to commit the crime does not negate the intent of the solicitor. The intent question is whether, if circumstances do occur giving the solicitee an opportunity to commit the crime, the defendant actually intends that the solicitee commit the crime. Here, it was far from impossible that the police might for some reason approach the Kloss home. Thus, a fact finder could readily find that, based on the phone call evidence, if the police did come to the Kloss home, Kloss actually intended that Cheryl shoot the police.
¶15 To be clear, we do not hold that there could never be trial evidence revealing such a highly unlikely condition precedent to a crime that the unlikelihood implicates sufficiency of the evidence. At least in theory, trial evidence might be such that, even "viewed most favorably to the *569 state and the conviction, [the evidence] is so insufficient in probative value and force that [a court could say] as a matter of law that no trier of fact, acting reasonably, could have found [intent] beyond a reasonable doubt." See *325 Poellinger , 153 Wis.2d at 501, 451 N.W.2d 752. However, we leave that issue for another day because the condition precedent here-the police approaching Kloss's home-is plainly not so unlikely as to negate Kloss's intent as a matter of law.
¶16 In sum, we conclude that the evidence was sufficient to support Kloss's conviction of soliciting/reckless-injury.
III. Whether the Convictions of Solicitation of First-Degree Reckless Injury and Solicitation of First-Degree Recklessly Endangering Safety Are Multiplicitous
¶17 Kloss argues that because soliciting/endangering-safety is a lesser included offense of soliciting/reckless-injury, the two solicitation convictions here are multiplicitous, and, therefore, one of them must be reversed. This challenge invokes the double jeopardy provisions of both the United States and Wisconsin Constitutions, which protect a defendant against "multiple punishments for the same offense." State v. Lechner , 217 Wis.2d 392, 401, 576 N.W.2d 912 (1998). Whether a multiplicity violation exists in a given case is a question of law that we review de novo. State v. Koller , 2001 WI App 253, ¶32, 248 Wis.2d 259, 635 N.W.2d 838.
¶18 A defendant may be convicted of multiple crimes arising out of the same offense only if the legislature intends it. Lechner , 217 Wis.2d at 402, 576 N.W.2d 912. The well-established test for whether a multiplicity violation exists is summarized in State v. Ziegler , 2012 WI 73, 342 Wis.2d 256, 816 N.W.2d 238 :
We review multiplicity claims according to a well-established two-pronged methodology. First, the court *326 determines whether the offenses are identical in law and fact using the "elements-only" test set forth in [ Blockburger v. United States , 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932) ]. Under the "elements-only" test, two offenses are identical in law if one offense does not require proof of any fact in addition to those which must be proved for the other offense. Still, offenses identical in law are not necessarily identical in fact. Two offenses, which are legally identical, are not identical in fact if the acts allegedly committed are sufficiently different in fact to demonstrate that separate crimes have been committed.
The results of the "elements-only" test determine the presumption under which we analyze the second prong of our methodology. If the offenses are identical in law and fact, a presumption arises that the legislature did not intend to authorize cumulative punishments. The State may rebut that presumption only by a clear indication of contrary legislative intent.
Conversely, if the offenses are different in law or fact, the presumption is that the legislature intended to permit cumulative punishments. At this juncture, we are no longer concerned with a double jeopardy violation but instead a potential due process violation. If the offenses are different in law or fact, the defendant has the burden of demonstrating that the offenses are nevertheless multiplicitous on grounds that the legislature did not intend to authorize cumulative punishments. If the defendant succeeds, he or she has a legitimate due process claim.
To discern legislative intent under the second prong of our methodology, we analyze the following four factors: (1) all applicable statutory language; (2) the *570 legislative history and context of the statutes; (3) the nature of the proscribed conduct; and (4) the appropriateness of multiple punishments for the conduct.
Id. , ¶¶60-63 (cited authority omitted).
*327 ¶19 Kloss's "lesser included offense challenge" is one of two kinds of multiplicity challenges that are subject to the two-part test stated above. Lechner , 217 Wis.2d at 402, 576 N.W.2d 912. A defendant cannot be convicted of both a greater and lesser included offense for the same conduct. State v. Stevens , 123 Wis.2d 303, 321-22, 367 N.W.2d 788 (1985) ; WIS. STAT . § 939.66(1). Generally, "[i]n a 'lesser-included offense' challenge, the factual situations underlying the offenses are the same, so our focus is on whether the offenses are also identical in law." Lechner , 217 Wis.2d at 403 n.7, 576 N.W.2d 912 (quoted source omitted). Here, however, the State responds to Kloss's lesser included offense challenge by contending both that: (1) soliciting/reckless-injury and soliciting/endangering-safety are not identical in law; and (2) even if they are, the two convictions do not violate multiplicity principles because the offenses are different in fact. Accordingly, we first examine whether the offenses are identical in law. Because we conclude that they are, we then turn to whether "the factual situations underlying the offenses are the same." Id.
1. Whether the Two Crimes Are Different in Law
¶20 As stated in the block quote above, "two offenses are identical in law if one offense does not require proof of any fact in addition to those which must be proved for the other offense." Ziegler , 342 Wis.2d 256, ¶60, 816 N.W.2d 238. A lesser included offense, which requires no proof beyond that which is required for conviction of the greater offense, is identical in law to the greater offense. Stevens , 123 Wis.2d at 321-22, 367 N.W.2d 788. Stated differently, for a crime to be considered a lesser included offense of another crime, "it must be 'utterly *328 impossible' to commit the greater crime without committing the lesser." Randolph v. State , 83 Wis.2d 630, 645, 266 N.W.2d 334 (1978) (quoted source omitted).
¶21 We analyze whether the lesser offense is statutorily within the greater based on an analysis of the elements. We do not look to the specifics of the defendant's criminal activity. Hagenkord v. State , 100 Wis.2d 452, 481, 302 N.W.2d 421 (1981).
¶22 We begin our elements analysis by observing, as both parties recognize, that it is settled law that the underlying crimes Kloss is accused of soliciting have a greater and lesser relationship. That is, recklessly endangering safety is a lesser included offense of reckless injury. State v. Weso , 60 Wis.2d 404, 407-08, 210 N.W.2d 442 (1973) (recklessly endangering safety is a lesser included offense of reckless injury because the two offenses "are identical in their elements of the crimes, with the exception that [reckless injury] has the element of causing great bodily harm while [recklessly endangering safety] requires only the endangering of another's safety").[4]
¶23 However, the State contends that it simply does not matter whether recklessly endangering safety is a lesser included offense of reckless injury. According to the State, what does matter is that these felonies, which underlie the two solicitation charges here, are different felonies. In the *571 State's view, it necessarily follows that a charge alleging the solicitation of recklessly endangering safety is, by definition, different in *329 law from a charge alleging the solicitation of reckless injury because the two charges allege the solicitation of different crimes. The different crimes, even if lesser and greater crimes, are different and so the elements of the solicitation crimes are different.[5]
¶24 The State's formulation of the issue does not come to grips with the core lesser included offense test. The key question is whether it is impossible to commit the greater crime without also committing the allegedly lesser crime. See State v. Carrington , 134 Wis.2d 260, 274, 397 N.W.2d 484 (1986) (a crime is a lesser included offense of another crime if it is "utterly impossible" to commit the greater offense without committing the lesser offense) (quoted source omitted). Here, looking at what the State agrees it must actually prove with respect to soliciting/reckless-injury, we conclude that it is not possible to prove that crime without also proving soliciting/endangering-safety.
¶25 In discussing the soliciting/reckless-injury charge, the State argues that it must prove that the solicitor intended and advised that the solicitee commit acts that would constitute reckless injury. See WIS JI- CRIMINAL 550 and 1250. Accordingly, to prove soliciting/reckless-injury, the State must prove that the defendant:
*330 (1) intended and advised that the solicitee cause great bodily harm to another; and
(2) intended and advised that the solicitee engage in conduct that created an unreasonable and substantial risk of death or great bodily harm of which the solicitee was aware under circumstances that show utter disregard for human life.
Id.
¶26 Putting to the side the first element, which all agree the State need not prove to establish soliciting/endangering-safety, we are left with the following. As to soliciting/reckless-injury, the State must prove that the defendant:
intended and advised that the solicitee engage in conduct that created an unreasonable and substantial risk of death or great bodily harm of which the solicitee was aware under circumstances that show utter disregard for human life .
Id. And, as to soliciting/endangering-safety, the State must prove that the defendant:
intended and advised that the solicitee recklessly endanger another's safety under circumstances which show utter disregard for human life .
See WIS JI- CRIMINAL 550 and 1345. Now, stripping away the overlap, italicized above, the only difference in proof is the difference between
engage in conduct that created an unreasonable and substantial risk of death or great bodily harm of which the solicitee was aware
and
recklessly endanger another's safety.
*331 As to this difference, it is settled law that every time the State proves the former, it *572 proves the latter. See Weso , 60 Wis.2d at 407-08, 210 N.W.2d 442. Therefore, it is not possible to prove soliciting/reckless-injury without also proving soliciting/endangering-safety.
¶27 Because it is not possible to commit soliciting/reckless-injury without committing soliciting/endangering-safety, soliciting/endangering-safety is a lesser included offense of soliciting/reckless-injury. See Carrington , 134 Wis.2d at 274, 397 N.W.2d 484 (a crime is a lesser included offense of another crime if it is "utterly impossible" to commit the greater offense without committing the lesser offense). The two offenses are, therefore, identical in law. Stevens , 123 Wis.2d at 321-22, 367 N.W.2d 788.
2. Whether the Two Crimes Are Different in Fact
¶28 Whether crimes are different in fact is typically assessed by determining whether the acts involved that are the basis for the crimes were either separated in time or are of a significantly different nature. See State v. Eisch , 96 Wis.2d 25, 31, 291 N.W.2d 800 (1980). Here, however, we discern a threshold problem with the State's argument. In effect, the State argues that the soliciting/reckless-injury and soliciting/endangering-safety crimes are different in fact because they could have been based on the many distinct phone calls made by Kloss, or the distinct acts he solicited Cheryl to perform in each call. So far as we can tell, the State could have charged and proved soliciting/reckless-injury based on the content of one phone call or set of phone calls, and soliciting/endangering-safety based on the content of a different phone call or set of phone calls.
*332 But it did not do so. Nothing in the record shows that the State gave the circuit court a basis for differentiating Kloss's many acts with respect to the two solicitation crimes at issue here.
¶29 To the contrary, to the extent the multiple-acts topic was addressed at trial, all the State did was argue that the circuit court should treat all of the phone calls between Kloss and Cheryl as one "continuous course of conduct." Accordingly, the State effectively argued that it was not obligated to identify which specific statements showed the requisite intent for either of the charged solicitation crimes. The court accepted the State's argument and held that "given [the prosecutor's] statement here about his theory, [Kloss's] course of conduct, rather than each telephone [call], constitutes a separate crime ...."
¶30 It was not until after sentencing, in response to Kloss's postconviction motion, that the State urged the circuit court to consider the different calls as separate acts of solicitation that were different in fact. The State could not then, and cannot now, change tack and argue that each phone call constituted a separate solicitation, in direct opposition to the position it took before trial and during trial, that all of the calls constituted one course of conduct comprising one act of solicitation. See State v. George , 69 Wis.2d 92, 100, 230 N.W.2d 253 (1975) ("The state should be able to elect whether to proceed on a complaint alleging one continuous offense or a single offense or series of single offenses. The defendant, at the election of the state, can be charged with one continuous offense but only one, or with one or more specific individual offenses, but not both ...."). In effect, the State's argument on appeal amounts to an argument that the two solicitation convictions here are not identical in fact because *333 Kloss could have been charged and tried for the two crimes based on different sets of facts. In light of the "one course of conduct" approach that the State took in charging and *573 trying this case in the circuit court, we reject this argument.
¶31 Because we conclude that the two solicitation convictions are identical in law and in fact, and because the State does not develop any argument as to what factors might indicate a contrary legislative intent, Kloss's convictions of both solicitation counts are multiplicitous, and Kloss cannot be convicted of both crimes. See Lechner , 217 Wis.2d at 401-02, 576 N.W.2d 912 ; Stevens , 123 Wis.2d at 321-22, 367 N.W.2d 788 (a defendant cannot be convicted of both a greater offense and a lesser included offense).
IV. Remedy
¶32 Neither Kloss nor the State provides a developed argument as to the proper remedy if we were to conclude, as we have, that the two solicitation convictions are multiplicitous. The State does not address the remedy issue at all. Kloss merely asks, without legal support, that we reverse one of his solicitation convictions. Nonetheless, we find adequate guidance in prior cases.
¶33 In State v. Gordon , 111 Wis.2d 133, 145-146, 330 N.W.2d 564 (1983), the defendant was unlawfully convicted of both felony-murder and its lesser included offense of kidnapping. The Gordon court reversed the defendant's conviction of the lesser included offense of kidnapping. Guided by that case, we reverse Kloss's conviction of the lesser included offense here, soliciting/endangering-safety.
¶34 The question remains whether we should remand for resentencing. In that respect, *334 State v. Church , 2003 WI 74, 262 Wis.2d 678, 665 N.W.2d 141, provides guidance. The Church court wrote: "[R]esentencing is procedurally and constitutionally permissible if the invalidation of one sentence on double jeopardy grounds disturbs the overall sentence structure or frustrates the intent of the original dispositional scheme." Id. , ¶26. Conversely, resentencing is not required if the reversal has "no affect at all on the overall sentence structure." Id.
¶35 Here, the circuit court sentenced Kloss on each solicitation count to the maximum six-year term of imprisonment, comprising three years of initial confinement and three years of extended supervision, consecutive to each other. See WIS. STAT . §§ 939.30, 939.50(3)(h), 940.23(1), 941.30(1). In addition, prior to the trial on the solicitation counts, Kloss pled no contest to a count of being a felon in possession of a firearm in violation of WIS. STAT . § 941.29,[6] and the circuit court sentenced Kloss to three years of initial confinement and five years of extended supervision on that count. The court imposed the sentences for both solicitation counts concurrent with the felon in possession sentence.
¶36 Given that the two solicitation sentences were imposed consecutive to each other and concurrent with the previously imposed felon in possession sentence, we conclude that reversal of one of the solicitation convictions does disturb the overall sentence structure. Accordingly, we remand for resentencing on Kloss's conviction of soliciting/reckless-injury.
*335 CONCLUSION
¶37 Kloss seeks reversal of his convictions of solicitation of first-degree reckless injury and solicitation of first-degree recklessly endangering safety. We reject his challenges to his conviction of solicitation of first-degree reckless injury, because Kloss fails to show either that solicitation of first-degree injury does not *574 exist as a crime under Wisconsin law or that his conviction of that crime is not supported by sufficient evidence. We agree with Kloss that, because solicitation of first-degree recklessly endangering safety is a lesser included offense of solicitation of first-degree reckless injury, the two convictions are multiplicitous and, therefore, one of the two convictions should be reversed. We reverse the judgment of conviction of the lesser included offense, solicitation of first-degree recklessly endangering safety, and we remand to the circuit court for resentencing on the conviction of solicitation of first-degree reckless injury.
By the Court. -Judgment and order affirmed in part; reversed in part and cause remanded with directions.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise stated.

As stated at the start of this opinion, Kloss directed the sufficiency of the evidence challenge to both convictions. However, because our resolution of his multiplicity challenge results in the reversal of the conviction of soliciting/endangering-safety, we address only that portion of his sufficiency of the evidence challenge that is directed at the conviction of soliciting/reckless-injury.

In support of his argument that a solicitor cannot intend a solicitee's reckless conduct to result in injury, Kloss points to cases from other jurisdictions involving conspiracy, such as State v. Donohue , 150 N.H. 180, 834 A.2d 253 (2003), and secondary sources discussing conspiracy, such as the Model Penal Code § 5.03 and W. LaFave, Substantive Criminal Law § 12.2(c) (2d ed. 2003). We decline to lengthen this opinion by discussing law that is so easily distinguished. It is sufficient to say that conspiracy laws operate differently than solicitation laws.
Kloss also argues that if a solicitor intends harm to occur, the solicited act is no longer reckless, but intentional. This argument misidentifies the relevant intent; it is not the solicitee who must intend that injury result, but the solicitor.

Weso dealt with older versions of Wis. Stat . § 940.23 and Wis. Stat . § 941.30. 60 Wis.2d at 409-10 n.1 & 2, 210 N.W.2d 442. The textual differences are immaterial to our analysis here.

The State cites State v. Jackson , 2004 WI App 190, 276 Wis.2d 697, 688 N.W.2d 688, in support of its proposition that the solicitation statute incorporates each criminal offense, not the individual elements of those offenses. However, Jackson is inapposite because it deals with a case of criminal conspiracy, not solicitation, and the court specifically notes that each of the two charges at issue, conspiracy to commit both murder and arson, "requires proof of facts that the other does not; they are different in fact and in law." Id. , ¶¶8-10. Accordingly, we do not consider the State's argument further.

That statute has changed form during the years pertinent to this litigation. See, e.g., 2015 Wis. Act 109, § 8. Those changes are not material to this appeal.