**COURT OF APPEALS
DECISION
DATED AND FILED**

**February 17, 2021**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2019AP2091-CR**

Cir. Ct. No.  **2018CF551**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT III**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

 V.

MARSHUN DANTE JACKSON,

    DEFENDANT-APPELLANT.

        APPEAL from a judgment of the circuit court for St. Croix County: EDWARD F. VLACK III, Judge. *Affirmed*.

        Before Stark, P.J., Hruz and Seidl, JJ.

        ¶1    SEIDL, J.  Marshun Jackson appeals a St. Croix County judgment convicting him of, among other crimes, committing fraud against a financial institution (value exceeds $500 but does not exceed $10,000) as a party to a crime, and as a repeater.  Jackson argues his conviction on this count violates his

constitutional right against double jeopardy because he was previously convicted in Dunn County of one count of conspiracy to commit fraud against a financial institution, as a repeater, for an offense that occurred on the same day as the St. Croix charge, May 25, 2017. Jackson argues that the Dunn County offense is identical in law and in fact to the offense at issue in this case. He also contends that WIS. STAT. § 939.72(2) (2017-18)[1] specifically applies in this case and further invalidates the objected-to conviction. That statute provides that "[a] person shall not be convicted under both … [s]ection 939.31 for conspiracy and s. 939.05 as a party to a crime which is the objective of the conspiracy." Sec. 939.72(2).

¶2     We determine that the St. Croix County charge was neither factually nor legally identical to the Dunn County conviction and, thus, there was no double jeopardy violation. Additionally, we conclude that Jackson's argument premised on WIS. STAT. § 939.72(2) lacks merit. We therefore reject Jackson's arguments and affirm.

## BACKGROUND

¶3     On May 31, 2017, Dunn County prosecutors charged Jackson with three counts of conspiracy, each as a repeater, based on a check-cashing scheme involving Jackson, Brian Augustus, Robin Santee, Tyler Santee, and Peyton Heistand. The complaint alleged that on May 25, 2017, those individuals conspired to cash fraudulent checks totaling in excess of $13,000 at the downtown Dairy State Bank and east Dairy State Bank locations in the City of Menomonie, Dunn County, Wisconsin.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶4 On September 8, 2017, Jackson entered a guilty plea to the first count of the Dunn County complaint—i.e., conspiracy to commit fraud against a financial institution ($10,000 to $100,000), as a repeater—and the other two counts were dismissed by the State. Jackson was sentenced to forty months in the Wisconsin Prison System comprised of fourteen months of initial confinement and twenty-six months of extended supervision.

¶5 The State filed two prior complaints that were dismissed without prejudice. On August 31, 2018, the State filed a third complaint in St. Croix County, alleging four counts of conspiracy based on the May 25, 2017 events. Namely: Count 1 alleged conspiracy to commit identity theft; Count 2 alleged conspiracy to commit fraud against a financial institution; Count 3 alleged conspiracy to commit forgery; and Count 4 alleged conspiracy to commit theft–movable property. On September 14, 2018, the State filed an amended complaint containing the same four counts as the August 31 complaint except the amended complaint removed the conspiracy allegations and charged Jackson with each count as a party to a crime (PTAC). Only Count 2 is relevant to this appeal. Count 2 alleged Jackson committed fraud against a financial institution (value exceeds $500 but does not exceed $10,000), as a PTAC, and as a repeater. The amended complaint stated that Count 2 was a Class H felony, with a maximum possible penalty upon conviction of no more than a $10,000 fine, imprisonment for not more than six years, or both, with exposure to an additional two-to-four years of imprisonment based on the repeater allegation.

¶6 The amended complaint alleged that Jackson, Augustus, Tyler Santee, Robin Santee, and Heistand were "involved in a large and elaborate fraudulent check scheme throughout western Wisconsin and eastern Minnesota." Specific to St. Croix County, Count 2 alleged that on or about May 25, 2017—the

same day as the conduct leading to the Dunn County charges—Jackson committed fraud against Security Financial Bank, located in River Falls, St. Croix County, Wisconsin. This fraud was alleged to have occurred when Jackson, either directly or as a PTAC, cashed two checks at that bank in the amounts of $2,100.22 and $2,411.66. Both checks were purportedly issued by Construction Install Services.

¶7     The amended complaint also stated that Jackson and Brian Augustus had previously been convicted of conspiracy to commit fraud against a financial institution in Dunn County and sentenced to prison. When Jackson was released from prison for his Dunn County conviction, a warrant was issued for his arrest on the St. Croix County charges.

¶8     Jackson moved to dismiss the amended complaint, arguing that Count 2 violated his "constitutional protections against Double Jeopardy." In particular, Jackson claimed that he "was convicted on September 08, 2017, in Dunn County" of one count of conspiracy to commit fraud against a financial institution as a repeater, in violation of WIS. STAT. §§ 939.31, 934.82(1) and 939.62(1)(b) "for an offense that occurred on May 25, 2017." He argued that Count 2 of the St. Croix County complaint was a second prosecution for the same offense as his Dunn County conviction because "each of the Dunn County charges alleged the Conspiracy of which the current St. Croix County complaint alleges the completed acts that were the object of the Conspiracy."

¶9     The State argued that double jeopardy did not apply because in the St. Croix County case the State was alleging the "uttering of forged checks," a crime for which Jackson was not charged in Dunn County. At the plea and sentencing hearing, the circuit court denied Jackson's motion to dismiss, concluding that the charges in each county's case were not identical either in law

4

or in fact.  Jackson pled no contest to Count 2 of the amended complaint, and he now appeals.[2]

## DISCUSSION

¶10    The Fifth Amendment of the United States Constitution and article I, section 8 of the Wisconsin Constitution guarantee a defendant's right to be free from double jeopardy.  *State v. Steinhardt*, 2017 WI 62, ¶13, 375 Wis. 2d 712, 896 N.W.2d 700.  Whether a person's right to be free from double jeopardy has been violated presents a question of law that we review de novo.  *State v. Schultz*, 2020 WI 24, ¶16, 390 Wis. 2d 570, 939 N.W.2d 519.

¶11    The right to be free from double jeopardy provides three protections: "protection against a second prosecution for the same offense after acquittal; protection against a second prosecution for the same offense after conviction; and protection against multiple punishments for the same offense." *Steinhardt*, 375 Wis. 2d 712, ¶13 (citation omitted).  Jackson argues the second protection was violated by his St. Croix County charge.  For a defendant to show that a second prosecution subjected him or her to double jeopardy, the charges must be identical both in law and in fact.  *State v. Van Meter*, 72 Wis. 2d 754, 758, 242 N.W.2d 206 (1976).

¶12    We apply the *Blockburger*[3] test to determine whether offenses are identical in law.  Under that test, "[o]ffenses are not identical in law if each

---

[2]  Jackson contends that although he pled no contest to Count 2, his plea does not forfeit his double jeopardy challenge on appeal because we can resolve his challenge based upon the record as it existed at the time he entered his plea, and the issue was not explicitly waived.  *See State v. Kelty*, 2006 WI 101, ¶¶19, 38, 294 Wis. 2d 62, 716 N.W.2d 886.  The State does not respond, and we view the issue as conceded.

[3]  *Blockburger v. United States*, 284 U.S. 299 (1932).

requires proof of an element that the other does not." ***Schultz***, 390 Wis. 2d 570, ¶22. Meanwhile, "[o]ffenses are not identical in fact when 'a conviction for each offense requires proof of an additional fact that conviction for the other offenses does not.'" ***Id.*** (quoting ***State v. Lechner***, 217 Wis. 2d 392, 414, 576 N.W.2d 912 (1998)).

*I. Jackson's Convictions are not Identical in Law*

¶13    Jackson was convicted in the instant St. Croix County case of fraud against a financial institution (value exceeds $500 but does not exceed $10,000) as a PTAC, and as repeater. He had previously been convicted of conspiracy to commit fraud against a financial institution, as a repeater, in Dunn County. Both offenses at issue occurred on May 25, 2017. Jackson contends that because a conviction for conspiracy to commit a crime incorporates the elements of any underlying criminal offense that is the object of the conspiracy, he was unconstitutionally subjected to double jeopardy by virtue of his St. Croix County conviction.

¶14    We reject Jackson's contention for a number of reasons. First, the State correctly notes that it is well established that "a substantive crime and a conspiracy to commit that crime are not the 'same offense' for double jeopardy purposes." *See* ***United States v. Felix***, 503 U.S. 378, 389 (1992). The Supreme Court has repeatedly recognized that a "conspiracy poses distinct dangers quite apart from those of the substantive offense." ***Iannelli v. United States***, 420 U.S. 770, 778 (1975). In ***Felix***, the Supreme Court upheld the defendant's conspiracy conviction against a double jeopardy challenge, even though out of the nine overt acts supporting the conspiracy charge, two "were based on the conduct for which he had been previously prosecuted …." ***Felix***, 503 U.S. at 388. Given the

holdings in *Felix* and *Iannelli*, Jackson's conspiracy conviction in Dunn County does not foreclose his fraud conviction in St. Croix County because these two offenses are not identical in law.

¶15     In the Dunn County case, Jackson was convicted of conspiracy to commit fraud against a financial institution (value exceeds $10,000 but does not exceed $100,000), as a repeater.  That offense was a Class G felony, based on a conspiracy to commit a fraud at a bank.  The Dunn County crime of conspiracy under WIS. STAT. § 939.31 had "three elements: (1) an intent by the defendant that the crime be committed; (2) an agreement between the defendant and at least one other person to commit the crime; and (3) an act performed by one of the conspirators in furtherance of the conspiracy." *See **State v. Routon***, 2007 WI App 178, ¶18, 304 Wis. 2d 480, 736 N.W.2d 530.  In contrast, the elements of Jackson's St. Croix County conviction for fraud against a financial institution (value exceeds $500 but does not exceed $10,000), were that he, as a PTAC, "obtain[ed] money … owned by or under the custody or control of a financial institution," and he did so "by use of any fraudulent device, scheme, artifice, or monetary instrument."  *See* WIS. STAT. § 943.82(1).  This offense was a Class H felony.  Thus, the crimes alleged in the two counties have different elements and penalties and, therefore, are different in law.

¶16     Second, the two offenses committed in Dunn County and St. Croix County are not identical in law because one need not commit the actual fraud offense in order to commit the conspiracy offense.  The fraud charged in St. Croix County under WIS. STAT. § 943.82(1) did not allege or require an agreement among the offenders, while the conspiracy charge in Dunn County did.  And, unlike the St. Croix County charge, the crime of conspiracy in Dunn County did not require any member of the conspiracy to actually obtain money or otherwise

complete the agreed-upon crime. The crime of conspiracy in Dunn County was completed when there was an agreement as well as an initial overt act in furtherance of the agreement. *See State v. Moffett*, 2000 WI App 67, ¶13, 233 Wis. 2d 628, 608 N.W.2d 733, *aff'd*, 2000 WI 130, ¶16, 239 Wis. 2d 629, 619 N.W.2d 918. By contrast, the crime in St. Croix County was not completed until the fraudulent checks were cashed.

¶17    Jackson relies on *State v. Jackson*, 2004 WI App 190, ¶8, 276 Wis. 2d 697, 688 N.W.2d 688, for the proposition that "elements [of conspiracy] incorporate each criminal offense that is the criminal object of the conspiracy." The *Jackson* decision does not, however, prohibit convictions for both the conspiracy and the completed substantive offense. Instead, *Jackson* holds that when a conspiracy has as its object the commission of multiple crimes, separate charges and convictions for each intended crime are possible. *Id.*, ¶8. Thus, the defendant in *Jackson* could be charged with two counts of conspiracy because he conspired to commit two separate substantive crimes. *Id.*, ¶9. Jackson's reliance on *Jackson*'s holding is therefore misplaced because, here, he was convicted of one count of conspiracy and one count of fraud as a PTAC, not two counts of conspiracy. For all of these reasons, we determine, de novo, that the crimes in Dunn and St. Croix Counties were different in law.

*II. Jackson's Convictions are not Identical in Fact*

¶18    Jackson also contends that the charges were identical in fact. Specifically, Jackson argues that he met his burden of showing, based on the entire record, that a reasonable person familiar with the facts and circumstances of this case would understand that he conspired to steal, alter, and cash checks not just in Dunn County, but also in St. Croix County. Jackson claims, and the amended

St. Croix County complaint alleges, that the investigator's report was known to both the Dunn and St. Croix County prosecutors, and it outlined a common scheme to cash checks at banks throughout western Wisconsin.

¶19     As an initial matter, Jackson's contention is incorrect insomuch as it misstates the applicable legal standard. Our supreme court in *Schultz* expressly declined to apply the "reasonable person" test that Jackson advocates here. *See Schultz*, 390 Wis. 2d 570, ¶¶45-47.

¶20     Additionally, Jackson was prosecuted in St. Croix County for a crime he committed only in that county. He was not prosecuted in St. Croix County for a crime committed in Dunn County. Conspiring to commit fraud upon Dairy State Bank in Dunn County is factually different from actually committing fraud on Security Financial Bank in St. Croix County. The facts alleged under either complaint would not warrant a conviction under the other. *See Van Meter*, 72 Wis. 2d at 758.

¶21     Jackson nonetheless asserts that the Dunn County complaint alleged that he conspired to commit crimes throughout western Wisconsin. The State therefore bound itself, Jackson maintains, by acting through the agency of the Dunn County District Attorney, and it cannot assert any other charges based upon his completion of the crimes for which he was convicted of conspiring to commit in Dunn County. The Dunn County complaint, however, did not refer to or encompass the fraud crimes committed in River Falls that serve as the basis for the St. Croix County conviction.

¶22     Jackson relies on *United States v. Crowder*, 346 F.2d 1 (6th Cir. 1964), for the proposition that the scope of double jeopardy protection is based on

9

the record as a whole rather than the indictment alone. That proposition was adopted by our supreme court in *Schultz*. *See Schultz*, 390 Wis. 2d 570, ¶25.

¶23     In *Crowder*, the defendant was charged with conspiracy to transport stolen and forged money orders in interstate commerce. The indictment specifically listed only 12 money orders that Crowder allegedly possessed, even though 235 money orders were recovered and later offered into evidence. *Crowder*, 346 F.2d at 2-3. Crowder argued that in failing to list all 235 money orders in the indictment, he was not protected "against subsequent jeopardy for the same offense." *Id.* at 3. The Sixth Circuit Court disagreed, concluding the record, which included evidence of all 235 orders, protected Crowder against a subsequent prosecution related to those 235 money orders, not just the 12 listed in the indictment. *Id.* Jackson contends that the State's choice to mention in the Dunn County complaint the same investigation report giving rise to both the prior Dunn County conviction and the subsequent St. Croix County charges shows that the St. Croix County crimes were "part of the record" in the Dunn County case. Therefore, Jackson believes that because the Dunn County complaint was based upon the same report as the St. Croix County complaint, charges arising from the investigation discussed in that report are part of the record and he has double jeopardy protection against the St. Croix County charges.

¶24     Jackson's argument in this regard appears to rely largely on a faulty premise. Namely, he argues that because none of the individual checks cashed in Dunn or St. Croix Counties were alleged to have exceeded $10,000, the conspiracy conviction in Dunn County necessarily incorporated multiple checks of less than $10,000, including those he was charged with cashing in St. Croix County. On this factual basis, Jackson argues that his St. Croix County conviction was for the completed crime that he was convicted of committing in Dunn County

and that the crimes are identical in fact. He appears to contend that because he was convicted in Dunn County of conspiring to cash fraudulent checks in Dunn County that were all individually less than $10,000, he cannot be charged in St. Croix County for actually cashing two fraudulent checks in St. Croix County that were also individually less than $10,000 because the Dunn County conspiracy conviction necessarily considered and incorporated the St. Croix County checks to reach the Dunn County charge's monetary threshold.

¶25 Jackson is wrong on his facts. The Dunn County complaint reflects that a *total of* over $13,000 in checks were cashed at the downtown Dairy State Bank and east Dairy State Bank locations in Dunn County. Thus, contrary to Jackson's assertion, one does not need to include the sums alleged in the St. Croix County frauds to reach the "over $10,000" threshold for the conspiracy charge in Dunn County. Jackson's only reply to the foregoing was stated in a footnote in his reply brief. There, he asserts that while the banks named in the Dunn County complaint were only ones located in that county, "[i]n the complaint, at least, neither of these banks were specifically identified as located in Dunn County." This response is insufficient to overcome the reality of Jackson's false premise. *See State v. Flynn*, 190 Wis. 2d 31, 39 n.2, 527 N.W.2d 343 (Ct. App. 1994) (we need not address undeveloped arguments).

¶26 Additionally, we once again point out that Jackson was not convicted in Dunn County for any fraudulent conduct or conspiracy that occurred in St. Croix County. The Dunn County complaint alleged that Jackson conspired to cash fraudulent checks at Dairy State Banks in Menomonie. The St. Croix County complaint alleged that Jackson committed fraud against a financial institution where he, either directly or as a PTAC, cashed fraudulent checks at a financial institution located in St. Croix County.

11

¶27 Finally, in Jackson's reply brief, he argues for the first time a continuing crime theory, which to Jackson means that "if one prosecution charges a continuing crime, 'a conviction or acquittal for a crime based on a portion of that period will bar a prosecution covering the whole period.'" For factual support, Jackson notes only that the same investigator's report mentioned in the Dunn County complaint was relied upon for the St. Croix County complaint, and that report detailed the cashed and uncashed checks underlying the Dunn County conspiracy, which he again contends included the two checks cashed in St. Croix County.

¶28 Ordinarily, we need not address arguments raised for the first time in a reply brief. *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 492, 588 N.W.2d 285 (Ct. App. 1998). Nonetheless, we conclude that there was no continuing crime prohibiting the subsequent St. Croix County prosecution because the allegations in Dunn County were only for Jackson's conspiring to commit crimes in Dunn County. We must review the entire record to ascertain the scope of the prior proceeding. *See Schultz*, 390 Wis. 2d 570, ¶32. The allegations at issue in this appeal are for substantive crimes committed separately and only in St. Croix County. Such a context does not implicate the continuing crime theory that Jackson attempts to invoke. Furthermore, we do not put nearly the same weight Jackson does to the fact that a single investigative report was used in the course of investigating and prosecuting multiple different crimes committed in different counties. The existence of that report does not, in and of itself, alter the application of the double jeopardy principles addressed in the body of this opinion, which principles are what ultimately matter.

¶29 For all of those reasons, we determine the convictions in Dunn and St. Croix Counties were not identical in fact.

*III. There was no WIS. STAT. § 939.72(2) Violation*

¶30    Finally, Jackson argues an additional claim of error, relying upon WIS. STAT. § 939.72(2).   That statute provides that "[a] person shall not be convicted under both … [s]ection 939.31 for conspiracy and s. 939.05 as a party to a crime which is the objective of the conspiracy."   Jackson's reliance on § 939.72(2) is misplaced.   It fails because, as explained above, he was not convicted in Dunn County of conspiring to commit the same fraud offense for which he was convicted of committing as a PTAC in St. Croix County.

¶31    Jackson also contends that the "State has already chosen to act through the agency of the Dunn County District Attorney, and by so doing, has bound itself under WIS. STAT. § 939.72(2) to not pursue further conviction under WIS. STAT. § 939.05 as a party to a crime 'which is the objective of the conspiracy.'"   As discussed above, Jackson's St. Croix County conviction was not the object of the Dunn County conspiracy.   And, as the State notes, Jackson makes no attempt to address the presumption that the legislature did not intend to prohibit multiple convictions here.   *See, e.g.*, **State v. Lock**, 2013 WI App 80, ¶38, 348 Wis. 2d 334, 833 N.W.2d 189.   We will not develop arguments for a party. ***Industrial Risk Insurers v. American Eng'g Testing, Inc.***, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82.   For those reasons, we reject Jackson's § 939.72(2) argument.

*By the Court.*—Judgment affirmed.

Not recommended for publication in the official reports.